UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH ODAWARE WHITE (#319932) | CIVIL ACTION |
| VERSUS | |
| JIM ROGERS, ET AL. | NO. 11-0628-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 3, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARAH ODAWARE WHITE (#319932)                     CIVIL ACTION

VERSUS

JIM ROGERS, ET AL.                                NO. 11-0628-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Supplemental Motion for Summary Judgment of defendant Jim Rogers, rec.doc.no. 24. This motion is opposed.

The pro se plaintiff, an inmate previously incarcerated at the Louisiana Correctional Institute for Women ("LCIW"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Jim Rogers and Prison Enterprises, Inc., complaining that the defendants violated her constitutional rights by subjecting her to unconstitutional conditions of confinement, by retaliating against her for the filing of prison grievances, by failing to provide appropriate medical attention, and by removing her from an upholstery class without reason or justification. Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on July 25, 2012, see rec.doc.nos. 10 and 14, the Court has dismissed the plaintiff's claims asserted against Prison Enterprises, Inc., and has dismissed all of the plaintiff's claims asserted against defendant Warden Jim Rogers except the claim seeking injunctive relief and punitive and/or nominal damages against this defendant as a result of alleged exposure to unconstitutional conditions of confinement at LCIW.

Defendant Rogers, now moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent Administrative Remedy

Proceedings, a copy of Department Regulation No. B-05-005 (relative to the Louisiana Administrative Remedy Procedure), and the affidavits of Rhonda Z. Weldon, Kenyatta Jones, Maxine Thomas, David Quillen, Karen A. Bess, and defendant Jim Rogers.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  Celotex Corporation v. Catrett, supra.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  Anderson v. Liberty Lobby, Inc., supra.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex, supra.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  Little v. Liquid Air Corp., supra, 37 F.3d at 1076.  In resolving

a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

As pertinent to the claim pending before the Court, the plaintiff alleged in her Complaint that during the period of her confinement at LCIW, water accumulated on the floors and leaked from vents and from the roof of the prison when it rained, that she was exposed to raw sewerage, that there was mold in all of the buildings, and that there was mold and mildew inside the walls at LCIW.  She prayed to be transferred to a facility other than LCIW, for monetary damages, and for the repair of the referenced problems existing at that facility.[1]

The defendant responds to the plaintiff's allegations by asserting that the plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e relative to the claim before the Court.  Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to her at the prison prior to commencing a lawsuit in federal court relative to prison conditions.  This provision is mandatory and applies broadly to "all suits about prison life".

---

1. The defendant's attorney has been and continues to remain confused regarding the exact nature of the plaintiff's claim asserted in this proceeding.  On several occasions, the Court has explained that, contrary to representations repeatedly made by the defendant's attorney in pleadings filed before the Court, the plaintiff is not asserting a claim in this case relative to an incident occurring at LCIW in November, 2011, two months after the filing of her Complaint, at which time the drain in the prison commissary allegedly became clogged and caused water to back up onto the floor at that location.  As a practical matter, the plaintiff did not and could not have filed a Complaint regarding a specific incident which had not yet even occurred at the time of filing of the Complaint.  Nor did the plaintiff, as repeatedly stated by the defendant's attorney, refer in her Complaint to Administrative Grievance No. LCIW-2011-352, which grievance was apparently submitted by the plaintiff to prison officials in November, 2011, and was submitted relative to that November incident.  Accordingly, the Court has disregarded all of the evidence submitted by the defendant relative to the November, 2011, incident.

Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a lawsuit relative to prison conditions.  Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  Johnson v. Johnson, supra, quoting Porter v. Nussle, supra.

The defendant's motion is well-taken.  Inasmuch as the plaintiff did not provide in her Complaint the identifying number of the administrative grievance which she filed at LCIW complaining of the conditions to which she was subjected at that facility, the defendant has presented evidence regarding all of the administrative grievances filed by the plaintiff while confined at LCIW.  Of these, only one is potentially relevant to the claim before the Court.[2]  That grievance, which was assigned Grievance No. LCIW-2011-096, was filed on March 21, 2011, and

---

2. Grievances submitted to prison officials after the filing of the Complaint in this case are not relevant because such grievances were not exhausted at the time of filing.  With regard to additional grievances submitted by the plaintiff prior to the filing of the Complaint in this case and within the one-year limitations period preceding such filing, see Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002) (applying Louisiana one-year limitations period to an inmate's § 1983 claims), those grievances, with the exception of Grievance No. LCIW-2011-096, addressed in the body of this Report, complained of issues not relevant to this proceeding and included Grievance No. LCIW-2010-008, relative to mail issues at the prison (rejected on January 11, 2010, for non-compliance with prison rules), Grievance No. LCIW-2011-144, relative to a medical complaint (exhausted at the Second Step on July 29, 2011), Grievance No. LCIW-2011-149, relative to a medical complaint (rejected on May 26, 2011, for non-compliance with prison rules), Grievance No. LCIW-2011-164, relative to a requested refund (relief granted on July 19, 2011), and Grievance No. LCIW-2011-174, relative to harassment and medical issues (rejected on June 15, 2011, for non-compliance with prison rules).

stated a non-specific claim regarding an unstated "sewer issue [that] isn't gonna go away, nor can it be fixed." She also stated in that grievance that she was being given the "run around" in response to her complaint and that the remedy for her complaint was for the building to "be removed and sewer lines layed again." Prison officials rejected that grievance on March 30, 2011, upon a finding that established rules and procedures had not been followed because, inter alia, the "request was too general". The written rejection further advised the plaintiff that she should re-write her request and that she "need[ed] to be more specific as to the situation in the complaint." The plaintiff did not, however, resubmit her grievance with greater specificity, nor did she make any attempt to proceed to the second step of the administrative process. Instead, she filed the instant lawsuit. Thus, it appears clear that the plaintiff failed to complete the administrative process relative to that grievance prior to commencement of the instant proceeding.

In response to the defendant's motion, and in other pleadings before this Court, the plaintiff contends that she should be forgiven her failure to exhaust administrative remedies in this case and that she took reasonable measures to exhaust such remedies. Specifically, she asserts that upon the filing of her pertinent grievance in March, 2011, she was placed on "mental health observation" for nine days, during which time her eye glasses and personal belongings were taken away, and she was only allowed to have a Bible and to brush her teeth once daily. See rec.doc.no. 12. The plaintiff asserts that this was a "scare tactic" employed by defendant Rogers in response to her grievance and was intended "to stop [her] from pursuing any further legal matters pertaining to raw sewer." Id. She further asserts that she was told by an assistant warden at LCIW (not named as a defendant herein) that she would be maintained in segregated confinement indefinitely if she continued to pursue this claim. Id. The plaintiff asserts that, as a

result, she felt threatened, frightened and intimidated, and felt that her "well being was being jeopardized." Accordingly, she "went and filed suit" instead of completing the administrative process. See rec.doc.nos. 12 and 13.

The plaintiff's argument is unavailing. First, as a preliminary matter, a review of the referenced grievance filed by the plaintiff in March, 2011, reflects that no claim was made therein regarding water leaking from the roof and vents and accumulating on the floor of the prison or regarding mold and/or mildew on the floor or in the walls at LCIW. Thus, the plaintiff has failed to exhaust administrative remedies relative to these specific claims regardless of any intimidation which may have been employed by the defendant or by prison personnel. These claims, therefore, are subject to dismissal for failure to exhaust administrative remedies.

With regard to the plaintiff's claim of exposure to raw sewerage, which claim does appear to have been asserted in the referenced grievance, the Court finds that the plaintiff has failed to overcome the showing made by the defendant relative to administrative exhaustion in connection with this claim. This conclusion is compelled by the fact that none of the factual assertions made by the plaintiff in this case are presented by affidavit or by sworn statement given under penalty of perjury as allowed by 28 U.S.C. § 1746. Thus, these assertions are not properly before the Court in connection with the instant motion for summary judgment and may not be relied upon to create an issue of disputed material fact to refute the sworn assertions provided by the defendant. See, e.g., Spencer v. Cain, 480 Fed.Appx. 259 (5th Cir. 2010) (upholding the grant of summary judgment to prison officials on the issue of administrative exhaustion where the inmate failed to present a sworn statement verifying his contentions); McAlpine v. Porsche Cars North America, Inc., 428 Fed.Appx. 261 (5th Cir. 2010) (finding that unsworn assertions contained in a pro se

plaintiff's "responsive pleadings to a motion for summary judgment could not establish a genuine issue of fact"). As noted above, conclusory assertions and unsubstantiated allegations will not satisfy a non-moving party's burden on motion for summary judgment. <u>Grimes v. Texas Dept. of Mental Health and Mental Retardation</u>, 102 F.3d 137 (5th Cir. 1996). Thus, the Court does not have before it any evidence to corroborate or substantiate the plaintiff's unsworn assertions. Accordingly, the plaintiff's claim is subject to dismissal because she has failed to refute the sworn assertions of the defendant relative to administrative exhaustion.

In addition to the foregoing, the Court is not convinced that the plaintiff was in fact prevented, as a result of alleged fear and intimidation caused by her placement in "mental health observation" for nine days, from pursuing her claim relative to exposure to raw sewerage at LCIW. Specifically, it does not appear that the plaintiff was in fact intimidated by her brief placement in "mental health observation." To the contrary, she asserts that she continued to pursue this and other claims through communications with officials in Washington, D.C., and she asserts that she in fact obtained beneficial intervention from federal officials in connection with several issues unrelated to this lawsuit (specifically as to an alleged improvement of the quality of food served to inmates at LCIW and an alleged removal of a physician employed at the facility). <u>See</u> rec.doc.no. 26. Moreover, she continued to file grievances relative to other issues at LCIW, notably relative to her medical treatment and to an issue of an overflowing drain in November, 2011, <u>see</u> notes 1 and 2, <u>supra</u>, and she provides no credible explanation for her delay of more than five months after her release from mental health observation in April, 2011, before she filed the instant lawsuit in September, 2011. In short, there is no basis for concluding that the plaintiff feared for her life and well-being as a result of her brief period of segregated confinement in

March, 2011, or that such fear prevented her from pursuing or re-submitting the administrative grievance which she had filed relative to the instant claim. For this reason, as well, the plaintiff has not shown that her failure to exhaust administrative remedies should be excused in this case.

Finally, inasmuch as the plaintiff has now been released from confinement at LCIW, her claim for declaratory and injunctive relief relative to alleged exposure to unconstitutional conditions of confinement at that facility has been rendered moot by such release and is no longer properly before the Court. See, e.g., Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"). Accordingly, the plaintiff's claim for declaratory and injunctive relief is subject to dismissal as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Jim Rogers, rec.doc.no. 24, be granted, dismissing the plaintiff's claims asserted against the defendant, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, but with prejudice to assertion of the same claim or claims in forma pauperis.[3]

Signed in Baton Rouge, Louisiana, on May 3, 2013.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

3. See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).